Richard Brucey, Petitioner Appellate. The first thing I would like to point out to the court is that the contracts have still not been presented. to me, neither to the lower court. Job description, grievance procedures, employer's manual, policies, terms and conditions of employment. Those are noted in the lower court. They were duly and appropriately served documents on the respondents, unlike the respondents with respect to the proceed. NYC Administrative Code, Article 15, Title 8, Subsection 8107, 5A3. It is illegal for any employment discrimination to take place against an individual whom qualifies for protected status, prohibiting any breaches in the terms and conditions of the employment. Also, Subsection 8107A2 related to the above, but outlining specifically what constitutes discrimination in employment. For example, refusing to hire, discharging, or otherwise affecting compensation, all based on protected status. This matter is a Title VII, C.R.A. Civil Rights Act of 1964, in view of the appellant, in relation to and towards the specific and particular petitioner. Custom, practice, tradition, and implicit policy. Morning Claims, 1978, followed by Pemba in 1986, and Los Angeles v. Humphreys in 2010 precedence. Other case laws were also referred to by the petitioner appellant. Under the New York State Division of Human Rights laws, Section 465.1, a New York free of workplace discrimination where everyone can fulfill their maximum potential and to participate fully in the life of the state. The claim was filed in August 2020. It is to be noted that the respondents were in breach of the statute of limitations. They had 31 days, 30 days I'm sure, within which to respond. They had to give a verified Mr. Richards, could I interrupt for a minute to just ask a question? The district court wrote, and I understand that you were hired on a two-year contract to work at Coney Island Hospital. Is that right? Yes, ma'am. And then you got a letter saying at the end of the two years that your contract was not going to be renewed. Is that right? Yes, ma'am. I'm going to answer it specifically. You're going to explain that?  Okay. Okay. There were four of us that were employed on the same day, on August 20, 2018. We were all in the same department, same job functions, same title, everything. As a matter of fact, we were in the same vicinity. There were persons, there were three other persons joined us between six months to a year thereafter. I am a green card holder without any offense, Your Honor, and with all due respect, no prejudice. I'm from Jamaica. I'm black. The two Jamaicans which were employed the same day, green card holders, being black, were the only persons that were terminated. They were not renewed. Yes, yes. Terminated. Is that right? The other persons were from a specific region of the world. They were white. They were also American citizens. I just want to point that out, just for the facts, Your Honor. Just for the facts. No prejudice, Your Honor.  So, if I may continue, I'm awaiting your directive, Your Honor. Well, I just wanted to clarify that it was a two-year contract that was then not renewed. Yes, excepting for the two Jamaicans who were green card holders and were also black. All right. And also, at some point, you said you sent a detailed letter to the supervisor, and you talked about current happenings and hostilities. Yes, constantly. Could you tell more what that was about? Your Honor, I'm sorry. Too much to explain. It's a whole other story. We have your papers. We have reviewed those. You can highlight one thing. It started when, I don't know where it started, Your Honor. In the evolution 1028-2020, which is in the records, Your Honor, they intimated that they're aware that the management is aware, which they admitted through their legal department, are aware that I filed previous non-related hospital matters against the city of New York. So it goes back to the city of New York. That's why I mentioned the Monty Cliffs municipal matters. So, in essence, they were aware. But what they're saying also in their purported remarks are that their employees or their management or their supervisors were not aware that they were carrying out these breaches. But courts, practices, laws, case laws are not concerned about that. They still carried out the breaches. So I started to put formal matters into place. The matters continued. The adverse actions leading up to termination. Physical intimidation. Formal abuses. Wine guard calling to meetings. I'm afraid they're going to terminate me. I asked to be represented. They forced me to say, hey, listen, you better come into the meetings. So I started making notes and I started presenting the matters formally to the management. I went as far as the corporate office vice presidents. I went to the local directors. I asked for meetings. It was fear. I can't. It was just intimidation. It was, you know, cajoling, duress, telling me, hey, listen, you're the person who's going to get hurt. I'm saying all I'm asking for is to work. All I'm asking for is for the discriminations to cease and desist. Instead, the increasing intensities, increasing frequency, it was just, you know, all I'm doing is just to work, pay my respects. I would never go there to do anything else. Records are there. All I wanted to do is just to make a contribution. I wrote, I wrote, I wrote over 100 letters. I asked them, I said, could you please, they are the power, the responsibility, right? They are the moral, right, the professional, the legal responsibility to say, listen, what's happening here? Just as with the city of New York, I've got to mention that part, right, because it all boils down to the matters that I previously filed against the city of New York, which they are aware of and which they admitted to. So all I'm saying to counsel, I'm just saying to counsel, why do we bother to, your volitions are there. The evidence is you're not even challenging it. Outside of that, Your Honor, when I filed my notice of appeal, the only thing that the respondents had filed is a January 12th, 2024 notice of appeal. There's nothing else. They did not challenge the brief. It was subsequently and later afterwards that they're one year after. I could not, even as proceed, been afforded those sort of matters. Thank you. We've reviewed your papers, and we have your argument, and we'll give your case careful consideration. Thank you. Thank you, Judge. I'm sorry. I prepared five minutes, but I appreciate it. Thank you. Good morning, Your Honors. May it please the Court. I'm Melanie West for New York City Health and Hospitals. Your Honors, the district court correctly dismissed the complaint because the claims fail to allege a causal connection between any of the complained of events, most of which are not adverse employment actions, and the appellant's membership in a protected group or participation in any complained or protected activity. Your Honors, if the Court has specific questions for me, I'm happy to answer them, but otherwise I'm happy to rest on the arguments we made in our brief. Thank you very much. Thank you. Thank you both. We will take the matter under advisement.